[Crim. No. 1111. First Appellate District, Division Two.—October 17, 1923.]

THE PEOPLE, Appellant, v. CHARLES T. WILLIAMS, etc., Respondent.

[1] CRIMINAL LAW—ALLEGED FAILURE TO PROVIDE FOR MINOR CHILD— GRANTING NEW TRIAL — EVIDENCE — APPEAL.—In this prosecution upon an information charging a father of a minor child with failure, without lawful excuse, to furnish said minor with necessary food, clothing, shelter, and medical attendance, in alleged violation of section 270 of the Penal Code, the record on appeal does not present a case warranting interference with the ruling of the trial court in granting a new trial upon the ground that the verdict of guilty was contrary to the law and the evidence.

APPEAL from an order of the Superior Court of Alameda County granting a new trial. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, Ezra W. Decoto, District Attorney, and Charles Wade Snook, Deputy District Attorney, for Appellant.

C. A. Cogswell and Wm. F. Cleary for Respondent.

NOURSE, J.—This is an appeal by the state from an order of the trial court granting the defendant a new trial after his conviction upon an information charging him with a violation of section 270 of the Penal Code. A new trial was granted by the trial court upon the ground that the verdict was contrary to the law and the evidence. Defendant was charged under the section of the code with a failure, without lawful excuse, to furnish his minor child with necessary food, clothing, shelter, and medical attendance. The prosecution thus assumed to prove the omission on the part of defendant to make provision for his minor child in the four instances specified in the information. At the close of the people's case the defendant moved the court to advise the jury to bring in a verdict in favor of the defendant on the ground that the evidence was insufficient to convict the defendant. The court then charged the jury as follows: "Ladies and gentlemen of the Jury, the Court in this case deems the evidence insufficient to warrant a conviction, and the Court now advises you to acquit the defendant. You, however, are not bound by the advice of the Court. The case is submitted to you under the advice of the Court to acquit this defendant because of the insufficiency of the evidence, under the statute, to justify a conviction, but, as I have said, the jury is not bound by the advice of the Court." The court thus left the matter with the jury without further instruction on the law of the case. The jury disregarded the advice of the trial court and brought in a verdict of guilty.

On this appeal the state assumes that the only question involved is one of law, and predicates its argument upon a

64 Cal. App.—10

misconception of the record. From the reporter's transcript it appears that respondent's motion was made upon the ground that the evidence was insufficient to convict the respondent, and from the clerk's transcript it appears that the charge to the jury, as above quoted, was made upon the same ground. Thereafter the respondent moved for a new trial upon the ground that the verdict was not sustained by the evidence. The trial court then asked counsel for the respondent if he did not mean that the verdict was contrary to the law and the evidence and the motion was thus amended. In ruling upon the motion the trial judge then stated that it was his opinion that the evidence was insufficient to justify the verdict, and that the new trial was granted upon the ground that the verdict was contrary to the law and the evidence. By referring to a recital of the proceedings made by the clerk of the court the state has made it appear that the new trial was granted only upon the ground that the verdict was contrary to law, but the record is so clear in showing the grounds of the motion when made and the terms of the order of the trial court in granting the motion that we must conclude that the clerk's recital was error. In fact, the entire record shows that the parties at all times contemplated that the issue before the court was the insufficiency of the evidence and that questions of law were merely incidentally involved.

The story of the case as developed by the people is that the respondent and the complaining witness were married on July 3, 1921, and immediately took up their abode with the wife's parents. A child was born of this marriage on May 30, 1922. The respondent and his wife continued to live together at the home of the wife's parents until about June 23, 1922, when they separated for reasons which do not appear. A few months thereafter respondent's wife swore to the complaint which is the basis of the information on which he was tried. At that time the respondent was a young man of nineteen years of age, his wife was seventeen, and the minor child was a baby of three and a half months. From the testimony of the wife and mother of the child it appeared that from the date of its birth it had nursed from its mother and had required no food other than she was able to give it; that some time prior to its birth and while the husband and wife were living amicably together an

aunt of the wife presented her with all the clothes which were necessary or required for the child; that at no time since its birth and until the time of the trial had the child required any medical attendance; that continuously since the birth of the child it had lived with its mother in the home of the mother's parents, and no charge had been made by them for the shelter of either the mother or child. It also appears that no specific request had at any time been made of the respondent to furnish to the child food, clothing, shelter, or medical attendance, and the respondent had never been informed that the child was in need of food, clothing, or medical attendance. On the other hand, it appeared from the state's own witnesses that the respondent was ready and willing and had offered to make a home for both the mother and child if she would leave her parents and take up her abode with him.

It is said in the appellant's brief that the respondent informed his wife that he would rather go to jail than support his child. But this statement appearing in respondent's letter to his wife must be read with the entire letter, from which we quote in part:

"My Dearest Wife: Just a few lines to you, Esther, to let you know that I am still thinking of you and my son. I have been working right along and I have got a nice job. If the Lord only will give me my wife back again it would not be so lonesome for me, but what's the use of wishing and praying to get my wife back. . . . I have been a man to my wife all the time, and God can not help me to be any more man than I am now, and, as I told you before, that I was willing to go through hell for you and my son, if you would come and live with me, no you would rather listen to your mother. . . . Well, I am sorry that I cannot come up to see my son because the mother of the child don't love his father or got any use for him, so therefore I shall stay back. So the child is yours and I wount trubble you at all. But as I told you before, not to make any more trubble for me about that child, that I would leave town or go to jail first. I have told you already what I would do to support the child if you would come and live with me."

[1] On this showing the trial court reached the conclusion that the evidence was insufficient to justify a conviction upon the theory that the prosecution failed to prove that

the respondent had omitted, without lawful excuse, to furnish his child with necessary food, clothing, shelter, and medical attendance. It may be also that the trial court believed that the respondent had not been given a fair trial because the jury had found him guilty without hearing his defense to the charge and without having been given any instructions as to the law of the case. In any event, it was the province of the trial court to determine whether the respondent had been afforded a fair trial. As is said in *People* v. *Canfield*, 173 Cal. 309, 312 [159 Pac. 1046, 1048]: "We can hardly manufacture in fancy a hypothetical situation in which a reviewing court would be justified in questioning the discretion of a trial court who should grant a new trial in a case involving a criminal charge."

The order granting a new trial is affirmed.

Sturtevant, J., and Langdon, P. J., concurred.