[Crim. No. 2895.   Second Appellate District, Division One.—October 30, 1936.]

THE  PEOPLE,  Respondent,  v.  ARTHUR  POTTER LITCHMAN, Appellant.

John M. Hines, Jr., for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

DORAN, J.—Defendant was charged in the information with two counts of forgery. Count I alleged the forgery of a ˙check in the sum of $1,000, and count II alleged the forgery of a check in the sum of $47. In both counts the name signed on the check was alleged to be fictitious. The defendant appeals from the judgment which was pronounced on the assumption that defendant pleaded guilty to the offense alleged in count I, when in fact the plea was entered as to count II.

The offenses are alleged to have been committed in April, 1932. ■ The information further alleges that defendant was absent from and not an inhabitant of the state for a certain length of time, which was sufficient to save the offense from the operation of the statute of limitations. It is contended by appellant, however, that because the complaint in the municipal court did not contain this last-mentioned allegation, the municipal court was without jurisdiction to commit the defendant. The point is without merit. (*People* v. *Lee Look,* 143 Cal. 216 [76 Pac. 1028]; *People* v. *Hinshaw,* 194 Cal. 1 [227 Pac. 156]; *People* v. *Tibbitts,* 71 Cal. App. 709 [236 Pac. 217].)

■ The second contention of appellant, however, is by no means trivial. It is asserted by appellant that the facts are that although defendant had pleaded "guilty" as to count II of the information, that count later was dismissed by order of the court; and that at the same time, defendant was sentenced on count I, of the information, as to which he had neither pleaded "guilty", nor been so found after trial as to said count. At the time the defendant was arraigned for judgment after his plea of guilty, the record reveals the following proceedings:

"The Court: Arthur J. Litschman, you have heretofore been charged with the crime of forgery in two counts and you have pled guilty to the crime of forgery in one count. You have applied for probation and this is the time fixed for passing on your application and imposition of judgment and sentence. . . . Is there any legal cause why judgment and sentence should not be pronounced at this time? . . . It is the judgment and sentence of this Court that for the offense of forgery, a felony, you, Arthur Potter Litschman, be confined in the State Prison at San Quentin. The Sheriff is directed to carry out this order.

"The Clerk: That is on count 1?

"The Court: Count 1 only.

"Mr. Hines: Count 2.

"The Clerk: He pled guilty to count 1.

"Mr. Hines: It is count 2.

"The Court: Let us have the information.

"The Clerk: He pled guilty to count 1, a. thousand-dollar check on a San Francisco bank.

"Mr. Hines: It was the intent and it was my statement to the Court and it was my understanding with Mr. Richardson that he was entering a plea to count 2.

"The Court: Where are the minutes? The whole report is directed toward count 1, particularly from the defendant's standpoint, and as to count 2, has nothing to say.

"The Clerk: The defendant pled guilty to count 1.

"Mr. Hines: Did the Court deny probation?

"The Court: Yes, the Court denied probation.

"Mr. Wildey (Deputy Dist. Atty.) : We move that count No. 2 be dismissed.

"The Court: In the interest of justice it is ordered dismissed."

It appears from the foregoing that the clerk dominated the situation then and there presented. When the defendant's counsel called the court's attention to the fact that defendant had pleaded guilty to count II, it will be seen that the clerk took issue with defendant's counsel, who, in reply, promptly disputed the clerk's contention. The court made no inquiry as to the question thus raised but merely made the observation that the probation officer's report was directed toward count I. The clerk's minutes, in fact, show that defendant pleaded guilty to count I and it is a reasonable inference that the probation officer obtained his information from the clerk's minutes.

At the time defendant entered his plea of guilty, the shorthand reporter's transcript of the proceedings shows the following to have taken place:

"Tuesday, April 28, 1936.

"Mr. Hines: At this time, if your Honor please, we wish to withdraw our former plea and we will plead guilty to Count 2 of the information.

"The Court: Is this case regularly on the calendar?

"Mr. Hines: Yes, your Honor.

"The Court: Arthur P. Litchman, you wish permission at this time to withdraw your plea of not guilty heretofore entered to Count 2 of the information charging you with forgery?

"A. Yes, sir.

"The Court: You are granted permission so to do, re-arraign the defendant.

"Mr. Wildey: Arthur Potter Litchman, on motion of your counsel the Court has granted the authority to you to withdraw your plea of not guilty heretofore entered to the information in Count 2, charging you with the offense of forgery, how do you now plead to that charge, guilty or not guilty?

"The Defendant: Guilty.

"Mr. Hines: If the Court please, I ask permission to file an application for probation in order that the man's record may be presented to your Honor. There is considerable record here, but I think it would be well for the Court to have all the information before passing sentence.

"The Court: Very well, then, you may file your written application for probation and have it on file not later than five o'clock tomorrow night. It may be set down for disposition in this court on May 15th at 9:30. Judgment and sentence is continued until that time."

The attorney-general makes no contention that the foregoing transcript of the proceedings is incorrect in any respect, but submits the proposition that if the court follows the authority of the case of *People* v. *Riccardi,* 50 Cal. App. 427 [195 Pac. 448], the judgment should be affirmed, but if the court follows the case of *People* v. *Williams,* 64 Cal. App. 144 [220 Pac. 675], the judgment should be reversed.

It is pointed out by the attorney-general that the Riccardi case, *supra,* holds that "if there is a conflict between the Clerk's Transcript and the Reporter's Transcript, then the Clerk's Transcript controls". The Riccardi case does not so hold. In that case the point was raised that the plea of the defendant was not stated to the jury and on this question there was a conflict between the clerk's minutes and the shorthand reporter's notes. The appellate court held: *"Under the circumstances,* in support of the verdict, we must hold that the clerk's version, showing that the

clerk's duty was properly performed, is controlling." (Italics added.) The ruling of the court therefore was limited to the Riccardi case.

In the Williams case, *supra,* the court held as follows: "By referring to a recital of the proceedings made by the clerk of the court the state has made it appear that the new trial was granted only upon the ground that the verdict was contrary to law, but the record is so clear in showing the grounds of the motion when made and the terms of the order of the trial court in granting the motion that we must conclude that the clerk's recital was error. In fact, the entire record shows that the parties at all times contemplated that the issue before the court was the insufficiency of the evidence and that questions of law were merely incidentally involved."

While it is true that in the case at bar the defense counsel did not make a formal motion to correct the minutes, nevertheless what was done and said by him was a direct challenge to the verity of the clerk's minutes—a challenge which the trial judge ignored, and, notwithstanding, pronounced judgment. This was not a collateral attack on the clerk's minutes but, although informal, was a direct attack that raised an issue,—and a vital one,—which the court by inquiry should have determined directly and definitely before judgment was pronounced.

It is the general rule that in the event of a conflict, where the verity of the clerk's minutes is collaterally attacked, the clerk's minutes shall control. But no authority has been cited attaching such a degree of infallibility to the clerk's minutes that would make them conclusive under the circumstances presented herein. Indeed, it would seem that if such were the rule there would be no function, under such circumstances, for an appellate court to perform.

It clearly appears that the defendant pleaded guilty to count II, and therefore the judgment which is based on the offense alleged in count I, is reversed and the cause remanded.

Houser, P. J., and York, J., concurred.