[Crim. No. 1916.   Third Dist.   July 17, 1945.]

In re JAMES T. EVANS, on Habeas Corpus.

James T. Evans, in pro. per., and Floyd H. Bowers for Petitioner.

Robert W. Kenny, Attorney General, and James O. Reavis, Deputy Attorney General, for Respondent.

PEEK, J.—■ The sole contention of petitioner is that his confinement in the State Prison at Folsom, which is predicated upon a plea of guilty to a charge of grand theft, is unlawful in that at no time did he personally enter such a plea, and that therefore the trial court was without jurisdiction to proceed to judgment and sentence against him.

In support of his contention petitioner has filed herein a transcript of the proceedings at the time of pronouncing sentence, a portion of which reads as follows:

"The above entitled matter coming on for hearing at 2:00 o'clock P. M., on Monday, May 29, 1944, in Department One of the above named Court before the Honorable Charles L. Allison, Judge, the People of the State of California being represented by Jerome B. Kavanaugh, Esq., District Attorney of San Bernardino County, and the defendant being present in per-

son and being represented by Raymond E. Hodge, Esq., his Attorney, the following proceedings were had: . . .

THE COURT: Are you ready for arraignment?

MR. HODGE: Yes.

THE COURT: The defendant will stand up. Evans you are informed that on this, the 29th day of May, 1944, the District Attorney of this County filed an information in this Court charging you with the crime of grand theft, a felony, in which information you are charged under the name of James T. Evans. Is that your true name?

THE DEFENDANT: Yes, sir.

THE COURT: Do you waive the reading of the information?

MR. HODGE: We waive the reading of the information.

THE COURT: With respect to plea, what do you wish to do? . . .

THE COURT: You plead guilty?

MR. HODGE: We plead guilty to grand theft, as alleged.''

Petitioner then concludes that as a plea of guilty ''can be put in by the defendant himself only in open court'' (Pen. Code, § 1018), and as the reporter's transcript of the proceedings as prima facie evidence of such proceedings (Code Civ. Proc., § 273) stands as proof of the particular facts therein set forth until it is both contradicted and overcome by other evidence (*Miller & Lux* v. *Secara,* 193 Cal. 755 [227 P. 171]), the superior court had no jurisdiction to pronounce and enter judgment against him. (Citing *In re Brain,* 70 Cal.App. 334 [233 P. 390] and cases therein cited.)

An examination of the record in the Brain case discloses a decided similarity in certain aspects in relation to the factual situation therein and the present case. The transcripts of the hearings show that the pleas of guilty were entered by counsel, and in both cases the recitals in the clerk's minutes contradict the reporter's transcript in this particular. However, the remaining portions of the two cases are easily distinguishable. In the Brain case the respondent conceded the veracity of the reporter's transcript while in the case now before us the transcript is attacked as not being a correct report of the proceedings. In support of such contention the attorney who represented defendant at the time of pronouncement of sentence and the district attorney who prosecuted the case were called as witnesses and so testified. Such testimony was categorically denied by the defendant.

In the present case the clerk's minutes of May 29, 1944, state:

"The District Attorney files an information against the above named defendant, who is present in Court, charging him with the crime of Grand Theft a felony.

Raymond E. Hodge appears as counsel for defendant.

Defendant is duly arraigned.

Defendant pleads that he is guilty of the offense of Grand Theft.

Defendant is duly arraigned for sentence.

Continued for pronouncement of judgment to June 2nd, 1944 at 9:30 o'clock A.M."

In addition to the proceedings on May 29th, further proceedings were taken on June 2, 1944, the date to which the time for sentence had been continued. The transcript of the latter provides in part:

"THE COURT: Evans you are informed that on the 29th day of May, 1944, the District Attorney of this County filed an amended information in this Court charging you with the crime of grand theft, a felony. . . .

THE COURT: On the charge stated in said information you were duly arraigned, you appeared by counsel, and after having been informed of your rights in the premises *you personally, in open Court and in the presence of your counsel, entered a plea of guilty of the charge stated in this information,* namely the crime of grand theft. Thereupon this time and place was fixed as and for the time and place for pronouncing judgment. Now have you any legal cause to show why judgment should not at this time be pronounced upon you?

MR. HODGE: No legal cause." (Italics ours.)

A portion of the order of the court appearing in the minutes of June 2, 1944, recites, "WHEREAS the said James T. Evans having duly pled guilty in this Court of the crime of Grand Theft, a felony."

At the time of the hearing before this court the defendant testified that the transcript was a true and accurate report of the proceedings and that he at no time entered a plea of guilty to the offense charged. However, the district attorney testified that he had no recollection of the defendant's attorney stating "we plead guilty to grand theft, as alleged" as shown in the transcript, but to the contrary it was his "recollection . . . that . . . the defendant actually and personally entered

a plea of guilty." The attorney who represented the defendant at the time of the arraignment and plea in the superior court, testified he did not make the quoted statement attributed to him in the transcript and likewise testified that the defendant "himself entered a plea of guilty" stating "I am guilty."

It may be said that as a general rule that when, as in this case, the record is in conflict it will be harmonized if possible; but where this is not possible that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to the greater credence (24 C.J.S. 555). Therefore whether the recitals in the clerk's minutes should prevail as against contrary statements in the reporter's transcript, must depend upon the circumstances of each particular case. (*People* v. *Litchman*, 17 Cal.App.2d 252 [61 P.2d 1229].)

Under all of the circumstances and in support of the regularity of the proceedings and the verity of the judgment, we conclude that the recital of the proceedings by the clerk of the court, in his minutes thereof, including the order of commitment, corroborated as they are by the statements of the district attorney and defendant's counsel that petitioner personally entered a plea of guilty, and the direct statement by the judge to the defendant at the time of sentence that he had personally entered such a plea which, when made, was not contradicted by either the petitioner or his counsel, should prevail as against petitioner's testimony and the reporter's transcript.

The writ is discharged and the petitioner is remanded.

Adams, P. J., and Thompson, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied August 13, 1945.