[Crim. No. 4374.   Second Dist., Div. Three.   Dec. 30, 1949.]

THE PEOPLE, Respondent, v. KARY M. WASHINGTON, Appellant.

Rayfield Lundy for Appellant.

Fred N. Howser, Attorney General, and Norman Sokolow, Deputy Attorney General, for Respondent.

WOOD, J.—Defendants Washington and Hunter were charged with the violation of section 11500 of the Health and Safety Code in that they unlawfully had in their possession flowering tops and leaves of Indian hemp.  In a trial by the court without a jury they were adjudged guilty.  Defendant Washington appeals from the judgment, from the order deny-

ing his motion for a new trial, and from the order denying his application for probation.

Appellant contends that he did not waive his right to a trial by jury.

Article I, section 7, of the Constitution of California, provides in part that "A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel . . .".

With reference to the alleged waiver of trial by jury, the reporter's transcript shows as follows:

"MR. BROADY [counsel for Washington]: The defendant Kary Washington is ready. The defendant Kary Washington wishes to waive his right to a trial by jury and submit it to the court.

"MR. HURD [deputy district attorney]: Do you waive, counsel?

"MR. ZEMAN [counsel for Hunter]: We will waive, too, your Honor.

"THE COURT: Naomi Hunter, is that your true name?

"DEFENDANT HUNTER: Yes.

"MR. HURD: Do you desire to waive your right to a trial by jury and be tried by the Court?

"DEFENDANT HUNTER: Yes.

"MR. HURD: Do you waive, counsel?

"MR. ZEMAN: I will waive.

"MR. HURD: The People join, your Honor."

The deputy district attorney and the counsel for both defendants then stipulated that the case might be submitted to the court upon the testimony taken at the preliminary examination; and that the People and the defendants might offer additional evidence.

It does not appear from the reporter's transcript that defendant Washington personally expressed in open court that he consented to a waiver of a trial by jury. In order that a criminal case may be tried without a jury, it is necessary that the defendant personally express in open court that he consents to a waiver of a trial by jury, and it is also necessary that the counsel for the defendant also express in open court that he consents to a waiver of a trial by jury. The provisions of said article I, section 7, of the Constitution are to be strictly construed, and "the decisions have consistently held that the accused must personally express consent to proceed without a jury." (*People* v. *Woods,* 126 Cal.App. 158, 159 [14 P.2d 313].)

The clerk's minutes show as follows: "Trial by jury is waived by the defendants and all counsel."

The reporter's transcript and the minutes are conflicting, and the question arises as to which of the two records is controlling in the matter of determining whether the defendant Washington personally expressed in open court that he waived a trial by jury. The answer to that question is to be determined from a consideration of the circumstances under which the proceedings were had. (*People* v. *Litchman,* 17 Cal.App. 2d 252, 256 [61 P.2d 1229]; *People* v. *Williams,* 64 Cal.App. 144, 146 [220 P. 675]; *In re Evans,* 70 Cal.App.2d 213, 216 [160 P.2d 551]; *People* v. *Bier,* 59 Cal.App.2d 313, 317 [138 P.2d 738].)

In the Litchman case, *supra,* the defendant was charged in count one with forgery of a $1,000 check; and in count two with forgery of a $47 check. According to the clerk's minutes the defendant pleaded guilty to count one. According to the reporter's transcript the defendant withdrew his plea of not guilty to count two and pleaded guilty to count two. Prior to pronouncing sentence, the judge stated that the defendant had pleaded guilty to one count of forgery. He sentenced the defendant "for the offense of forgery," without specifying the count as to which he was pronouncing sentence. Thereupon the clerk stated that defendant had pleaded guilty to count one. The attorney for defendant replied that defendant had pleaded guilty to count two. The judge relied upon the statement of the clerk that it was count one, and then, upon motion of the district attorney, he dismissed count two. Upon appeal therein it was held that the minutes were not controlling; and that the reporter's transcript, showing that defendant pleaded guilty to count two, was correct. The judgment therein was reversed.

In *People* v. *Williams, supra,* the trial judge instructed the jury that the evidence was insufficient to warrant a conviction, and he advised the jury to acquit the defendant. The jury disregarded the advice and found the defendant guilty. The defendant moved for a new trial upon the ground that the verdict was contrary to the law and the evidence. The reporter's transcript showed that, in ruling upon the motion for a new trial, the trial judge stated that the evidence was insufficient to justify the verdict, and that the new trial was granted on the ground that the verdict was contrary to the law and the evidence. The clerk's minutes showed that the new trial was granted on the ground the verdict was contrary to law.

On appeal therein it was held that since the entire record showed that the issue before the trial court was the insufficiency of the evidence, the clerk's minutes were erroneous, and the reporter's transcript was controlling.

In the matter of *In re Evans, supra,* which was a habeas corpus proceeding, petitioner had been sentenced to the penitentiary upon an alleged plea of guilty of grand theft. The petitioner therein contended that he had not personally entered a plea of guilty. The clerk's minutes therein showed that the petitioner pleaded guilty. The reporter's transcript showed that the attorney for the petitioner said that the petitioner pleaded guilty. Just prior to sentencing the petitioner therein, the trial judge said, in reviewing the proceedings in the case, that the petitioner had personally entered a plea of guilty. At the time of the hearing in the habeas corpus proceeding in the District Court of Appeal, the district attorney testified that it was his recollection that defendant personally entered a plea of guilty. Also at that hearing, the attorney, who represented the petitioner at the time of the alleged plea, testified that he did not make the statement attributed to him in the reporter's transcript, but that the petitioner himself entered a plea of guilty. The court therein said (p. 216): "[W]hether the recitals in the clerk's minutes should prevail as against contrary statements in the reporter's transcript, must depend upon the circumstances of each particular case." The court held that, under all of the circumstances, including the statement of the trial judge and the testimony of the district attorney and petitioner's attorney that petitioner had pleaded guilty, the clerk's minutes should prevail as against the reporter's transcript.

In the case of *People* v. *Bier, supra,* the defendant was charged with assault with *intent* to commit rape. The reporter's transcript showed that the defendant was found guilty of the offense charged in the information, to wit *attempt* to commit rape. The clerk's minutes show that the defendant was found guilty as charged in the information. On appeal the court held that the reporter's transcript was erroneous, and that the clerk's transcript was correct.

In the present case, admittedly four persons were making statements, at the beginning of the trial, on the subject of waiver of trial by jury. Those persons were the attorney for defendant Washington, the attorney for defendant Hunter, the defendant Hunter herself, and the deputy district attorney. The clerk was required to make a concise minute entry

that would recite the ultimate fact as to whether each of five persons (the two attorneys, the two defendants, and the deputy district attorney) personally waived trial by jury. The clerk's minute entry is not a specific reference to each of the five persons, but it refers generally to "the defendants" and to "all counsel." That entry is in the nature of an interpretation or conclusion by the clerk as to the meaning and legal effect of the statements which were made regarding waiver of trial by jury. The reporter's transcript purports to be a report of all that was said on the subject of waiver of trial by jury. The official reporter certified that his transcript comprises a full, true and correct copy of the proceedings had and testimony taken in the matter of said case. The district attorney and the present counsel for appellant stipulated that the reporter's transcript is correct. The trial judge approved the transcript. Of course, it cannot be determined with certainty from the record here which of the two official records, regarding the alleged waiver of a jury trial by Washington, is correct. Under one view of the matter, the minute entry that "the defendants" waived trial by jury means that defendant Washington said that he waived a trial by jury, and that the clerk heard Washington make that statement. Under another view, the clerk, in his endeavor to make a concise recital of the ultimate fact, might have assumed from the whole discussion of waiver of a jury by the several persons, and from the absence of protest by anyone, that all the defendants and attorneys waived a trial by jury. Under another view, the clerk might have been of the opinion that the attorney for Washington could, and did, waive Washington's right to a trial by jury. Under another view, if Washington did say that he waived a trial by jury, the reporter might not have heard that statement.

There is no statement in either of those official records (the minutes or the reporter's transcript), and no circumstances appear in the record on appeal, from which it can be determined with reasonable certainty which of the two official records is erroneous. Prior to the amendment of article I, section 7, of the Constitution in 1928, the right to a trial by jury in a felony case could not be waived. ▇▇ If a criminal case is to be tried without a jury it must be clear that the defendant personally has expressed in open court that he consents to a waiver of trial by jury. In *People* v. *Spinato,* 100 Cal. App. 600 [280 P. 691], it was said (p. 604) that where "the Constitution has prescribed the method and form of such

waiver, it cannot be otherwise accomplished. Where, as here, an express consent is required, no implied consent will suffice.'' In *People* v. *Garcia,* 98 Cal.App. 702 [277 P. 747], it was said (pp. 704-705) : ''Not only is the constitution explicit as to the parties who may consent to waive a trial by jury, but it is equally definite as to the form in which the consent must be given, for the provision is that it must be 'expressed in open court.' Nothing could be more clear than this language.'' ▮ ▪Under the circumstances in the present case it is not clear that the defendant Washington personally expressed in open court that he consented to a waiver of a trial by jury, and for that reason the judgment as to the defendant Washington and the order denying his motion for a new trial should be reversed, and the case as to said defendant should be remanded for a new trial.

''There is no appeal from an order denying probation.'' (*People* v. *Jackson,* 89 Cal.App.2d 181, 182 [200 P.2d 204].)

The judgment and the order denying the motion for a new trial are reversed, and the case as to said defendant is remanded for a new trial. The attempted appeal from the order denying probation is dismissed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied January 9, 1950, and respondent's petition for a hearing by the Supreme Court was denied January 26, 1950.