[Crim. No. 4696.   Second Dist., Div. Three.   Mar. 28, 1952.]

THE PEOPLE, Respondent, v. MOE MARTY SHANNON et al., Appellants.

Morris Lavine for Appellants.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, and S. Ernest Roll, District Attorney, for Respondent.

SHINN, P. J.—Moe Marty Shannon, Joseph George Shannon and Theresa N. Tezze, were charged by information with three offenses of burglary. After pleas of not guilty were entered they came on for trial. In a trial to the court witnesses were sworn and testified on behalf of the People. Defendants offered and the court admitted evidence in their behalf. Defendants were acquitted as to counts two and three of the information and found guilty as to count one. Defendants moved for a new trial, which motion was denied. Sentence was imposed. Moe Marty Shannon and Theresa N. Tezze appeal from the judgments.

The clerk's minutes read: "Trial by jury is waived by each defendant, his counsel and the district attorney." The reporter's transcript, duly certified by the reporter as a full, true and correct copy of the proceedings had and testimony taken, and certified by the trial judge, is before us as part of the record on appeal. It reads in part as follows: "THE COURT: Very well, you may proceed. Let's see, I don't believe there has been a waiver of a jury trial. MR. SAFIER: The defendants waive a jury. MR. HOWARD: People join in the stipulation. THE COURT: So ordered."

Appellants in their opening brief advance the contention that they had not waived trial by jury, urging that the reporter's transcript should prevail over the clerk's minutes, and that the latter were in error.

The attorney general filed a motion for augmentation of the record, attached to which was a supplemental transcript, certified by the reporter and certifying that due to oversight there was an omission in the original transcript and that the same should read: "MR. SAFIER: The defendants waive a jury. Is that correct? MOE SHANNON: Yes. MR. HOWARD: People join in the stipulation." The words added are: "Is that correct? MOE SHANNON: Yes." Attached to the reporter's certificate is a copy of the stenotype notes relating to the matter. The motion of the attorney general was granted and the certificate of the reporter received as part of the record. We then had before us the reporter's transcript showing that only one defendant waived trial by jury and the clerk's minutes showing that all the defendants waived. Upon the court's own motion an order was made directing the trial court to correct its records to speak the truth with respect to the conflict between the reporter's transcript and the clerk's minutes. Subsequently there was filed a supplemental reporter's transcript showing corrections as above

stated and waiver of jury trial by Moe Shannon, and no waiver by Joseph George Shannon or Theresa N. Tezze. This transcript was approved by the trial judge. It does not appear that any correction has been made in the clerk's minutes.

█ It has happened before that the reporter's transcript and the clerk's minutes were in conflict as to the waiver of trial by jury. (*People* v. *Washington,* 95 Cal.App.2d 454 [213 P.2d 70].) Such a conflict presents a difficult question for a reviewing court. One record or the other is erroneous. The error should be corrected in the trial court, since it has the exclusive power to make such corrections. In the present case, if the trial court decided the clerk's minutes were correct, correction of the reporter's transcript should have been ordered to make it conform to the clerk's minutes. If the minutes were found to be incorrect, they should have been corrected by court order. █ Although this was not done, it does appear that the trial court satisfied itself on the point and determined that the supplemental reporter's transcript is a correct record of the proceedings had for the waiver of jury trial. Under these circumstances the reporter's transcript, settled by the trial judge, must be accepted as a full, true and correct record of the proceedings had. █ We hold, therefore, that a jury trial was properly waived by Moe Marty Shannon and his counsel, but was not waived by appellant Theresa N. Tezze. The judgment as to appellant Tezze must be reversed. (*People* v. *Washington, supra.*)

█ Appellant Shannon makes the point that the evidence was insufficient to justify the verdict. The presentation of this point on about one-half page of typewriting in appellants' opening brief, which does not attempt to state the evidence, is entirely insufficient to warrant consideration. (*Goldring* v. *Goldring,* 94 Cal.App.2d 643, 645 [211 P.2d 342].)

The judgments and order denying motion for new trial as to appellant Tezze are reversed, and as to appellant Shannon are affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied April 10, 1952.