The People of Puerto Rico, Plaintiff and Appellee, *v.* Jaime Antonio Rivera Tacoronte, Defendant and Appellant.

No. 16305.   Argued March 7, 1957.—Decided March 29, 1957.

*Santos P. Amadeo, Antonio J. Amadeo* and *Francisco García Quiñones* for appellant.   *J. Fernández Badillo, Attorney General,* and *Arturo Estrella, Fiscal of the Supreme Court,* for Appellee.

Mr. Justice Pérez Pimentel delivered the opinion of the Court.

Defendant Jaime Antonio Rivera Tacoronte appealed to this Court (1) from the judgment of conviction, and (2) from the order denying him the benefits of the Suspended Sentence Act.

In opposition to appellant's motion to include in the judgment roll the application for probation made by the appellant in the lower court, the order denying such application, and the report rendered by the probation officer, the *Fiscal* of this Court has moved for the dismissal of the appeal taken from the order in question on the ground that it is not appealable.

Defendant-appellant filed a motion objecting to the dismissal requested.

▮▮▮▮ The law establishing the probation system did not create the right to appeal in such cases where the judge refuses to suspend the effects of a sentence imposed on the prisoner. 34 L.P.R.A. § 1026 *et seq.* On the other hand, pursuant to § 347 of our Code of Criminal Procedure (34 L.P.R.A. § 1074) the defendant may appeal:

"1. .     .     .     .     .     .     .     .

"2. .     .     .     .     .     .     .     .

"3. From an order made after judgment, affecting the substantial rights of the party."

We assume that the order from which an appeal has been taken in this case is an order rendered after judgment.[1] However, such an order would not be appealable unless we held that the same *affects the substantial rights of the defendant.*

Probation or the suspension of the execution of a sentence comes as an act of grace and not as a right, to a person convicted of a crime. *People* v. *Vélez*, 76 P.R.R. 135. The law has not provided that, under specific circumstances or conditions, a defendant is entitled to have the execution of the sentence suspended. Contrariwise, its concession rests in the discretion of the trial court. *Fernández* v. *Rivera*, 70 P.R.R. 859; *People* v. *Camacho*, 69 P.R.R. 332. This being so, it cannot be held that the exercise of the judge's discretion in refusing to grant the grace of suspending the effects of a sentence to a convict, affects his substantial rights. Exceptional cases may be foreseen, and this is

---

[1] The record does not disclose at what stage of the proceeding the order was entered; but since the defendant appealed therefrom we assume that the order in question was entered after judgment because if it had been entered before, the appeal for review was unnecessary, since under § 363 of the Code of Criminal Procedure (34 L.P.R.A. § 1173) when the defendant takes an appeal from a judgment, as defendant-appellant did herein, this Court may review any intermediate order or ruling affecting the merits of the case or the judgment itself.

not one of them, where a judge for some reason alien to the statute may refuse to suspend a sentence, as for example, if the judge refuses to apply the probation law to a person convicted of one of the offenses not excluded from the provisions of the Act, because, in his opinion, that specific offense must be included in the statute as an exception. The judge's attitude in such case would imply that he has not exercised his judicial discretion in a lawful manner in refusing or granting probation in those felonies which are not expressly excluded by law and he might be compelled to do so through mandamus, as has been held in California,[2] or perhaps his arbitrary order could be subject to review by this Court by way of certiorari.

In California, the law regulating the right to appeal from judgments and orders entered by the Superior Court provides for an appeal from orders granting probation but not from orders denying it. Section 1237 (1) of the Penal Code of California, as amended in 1951. However, although the section in question as well as its counterpart in our Code of Criminal Procedure, provides that the defendant may appeal from an order made after judgment which affects the substantial rights of the party, it has been held in California, prior and subsequent to the 1951 amendment,[3] that an order denying the defendant the benefit of the Suspended Sentence Act is not appealable because such order is not a ruling affecting the substantial rights of the defendant. *People* v. *Winston*, 283 P. 2d 40; *People* v. *Washington*, 95 Cal. App. 2d 454, 213 P. 2d 70; *People* v. *Jackson*, 200 P. 2d 204; *People* v. *Wiley*, 91 P. 2d 907; *People* v. *Mason*, 240 P. 2d 64; 50 West's *Ann. Cal. Codes* 413, § 1237, Note 13; 3 Cal. Jur. 2d 548, § 96.

The case of *People* v. *Jones*, 87 Cal. App. 482, 262 Pac.

---

[2] See *People* v. *Payne*, 289 Pac. 909; *People* v. *Keylon*, 10 P. 2d 86.

[3] This amendment consisted in granting the right to appeal from orders or rulings *granting* probation.

361,[4] only case cited by the appellant, does not hold that an order denying probation to defendant is appealable. In that case the order was entered before judgment and the appeal taken from that order was dismissed.[5] However, in considering the appeal from the judgment, the court, invoking § 259 of the Penal Code of California as it then read, and which is a counterpart of § 363 of our Code of Criminal Procedure, reviewed the order denying probation because it was a clear case of abuse of discretion in which the decision of the judge was not guided by the standards laid down by law but by a criterion which was altogether alien to the statute.

For the foregoing reasons the *Fiscal's* motion will be granted and, consequently, the appeal filed by appellant from the order rendered by the lower court refusing to suspend the effects of the sentence is dismissed.

---

[4] This case has been cited and distinguished in *People* v. *Lippner*, 26 P. 2d 457; *People* v. *Ralls*, 70 P. 2d 265; *People* v. *Freithofer*, 284 Pac. 484.

[5] We copy from said case:

"Is the court's error in this respect reviewable on appeal? Appellant has given notice of an appeal from the order denying his motion for permission to file an application for probation. This order was made before judgment and is not an appealable order (Pen. Code, sec. 1237.) The attempted appeal from it must therefore be dismissed."