EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JAIME ANTONIO RIVERA TACORONTE, acusado y apelante.

Número 16305.

*Sometido:* 7 de marzo de 1957. *Resuelto:* 29 de marzo de 1957.

*Santos P. Amadeo, Antonio J. Amadeo* y *Francisco García Quiñones,* abogados del apelante; *Hon. Secretario de Justicia J. Fernández Badillo* y *Arturo Estrella, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El acusado Jaime Antonio Rivera Tacoronte apeló para ante este Tribunal (1) de la sentencia condenatoria, y (2) de la resolución denegándole el beneficio de la Ley sobre Sentencias Probatorias.

En oposición a una moción del apelante para que se incorporen al legajo de la sentencia la solicitud sobre sentencia probatoria hecha por dicho apelante ante el tribunal a quo, la resolución denegatoria de dicha solicitud y el informe rendido

por el Oficial Probatorio, el Fiscal de este Tribunal ha solicitado la desestimación del recurso interpuesto contra la referida resolución por el fundamento de que la misma no es apelable. El acusado apelante ha argumentado por escrito oponiéndose a la desestimación solicitada.

 La ley que establece el sistema de libertad a prueba no creó el derecho de apelación en los casos en que el juez se niegue a suspender los efectos de la sentencia que ha impuesto al reo. 34 L.P.R.A., sec. 1026 y siguientes. Por otro lado, de acuerdo con el art. 347 de nuestro Código de Enj. Criminal (34 L.P.R.A., sec. 1074), el acusado puede apelar:

"1. . . . . . . . .
"2. . . . . . . . .
"3. De una providencia dictada después del fallo que afecte los derechos sustanciales de la parte."

Suponemos que la resolución apelada en este caso es una providencia dictada después del fallo. (¹) Sin embargo dicha providencia no sería apelable a menos que resolviéramos que la misma *afecta los derechos sustanciales del acusado*.

La libertad a prueba o la suspensión de la ejecución de la sentencia se concede como un acto de gracia y no como un derecho, a una persona convicta de delito. *Pueblo* v. *Vélez*, 76 D.P.R. 142. La ley no ha dispuesto que un acusado tiene derecho, bajo determinadas circunstancias o condiciones, a que se le suspenda la ejecución de la sentencia. Por el contrario la concesión de tal gracia se deja a la discreción del juez. *Fernández* v. *Rivera*, 70 D.P.R. 900; *Pueblo* v. *Camacho*, 69 D.P.R. 358. Siendo ello así no puede sostenerse

---

(¹) De los autos no surge en qué etapa del procedimiento fué dictada dicha resolución; pero como el acusado apeló de ella suponemos que la susodicha resolución fué dictada después de sentencia porque de haberlo sido antes, la apelación para lograr su revisión por este Tribunal era innecesaria, ya que de acuerdo con las disposiciones del art. 363 del Código de Enj. Criminal (34 L.P.R.A., sec. 1173), al establecer el acusado el recurso de apelación contra una sentencia, según también lo hizo aquí el acusado-apelante, este Tribunal puede revisar cualquiera de los decretos o providencias intermediarias que giren sobre el mérito del asunto o que hayan podido afectar el fallo.

que el ejercicio de la discreción del juez al negarse a conceder la gracia de suspender los efectos de una sentencia a un convicto, afecte los derechos sustanciales de éste. Pueden preverse casos extraordinarios, y éste no es uno de ellos, en que un juez por motivos extraños al estatuto se niegue a suspender una sentencia, como por ejemplo, si el juez se niega a aplicar la ley de sentencias probatorias a una persona convicta de uno de los delitos no excluídos de las disposiciones de dicha ley, porque según su criterio ese delito específico debe incluirse en el estatuto como una excepción. La actitud del juez en tal caso implicaría que él no ha ejercitado legalmente su discreción para denegar o conceder la sentencia probatoria en aquellos delitos graves no excluídos expresamente por la ley y podría ser compelido a ello mediante *mandamus*, según se ha resuelto en California,(²) o quizás la resolución arbitraria del juez pueda ser revisada por este Tribunal mediante *certiorari*.

La ley que regula el derecho de apelación en California contra sentencias y providencias dictadas por el Tribunal Superior concede la apelación contra las resoluciones concediendo la sentencia probatoria pero no contra las resoluciones denegándolas. Sec. 1237 (1) del Código Penal de California, según fué enmendada en el 1951. Sin embargo, a pesar de que la citada sección dispone, al igual que su equivalente en nuestro Código de Enj. Criminal, que el acusado podrá apelar de una providencia dictada después de sentencia que afecte los derechos sustanciales de la parte, se ha resuelto en dicho estado, tanto antes como después de la enmienda de 1951,(³) que una orden denegando al reo el beneficio de la ley sobre sentencias suspendidas no es apelable porque dicha orden no es una providencia que afecte los derechos sustanciales del

---

(²) Véase *People* v. *Payne*, 289 Pac. 909; *People* v. *Keylon*, 10 P.2d 86.

(³) Esta enmienda consistió en conceder el derecho de apelación contra las órdenes o resoluciones *concediendo* la sentencia probatoria.

acusado. *People* v. *Winston*, 293 P.2d 40; *People* v. *Washington*, 95 Cal. App. 2d 454, 213 P.2d 70; *People* v. *Jackson*, 200 P.2d 204; *People* v. *Wiley*, 91 P.2d 907; *People* v. *Mason*, 240 P.2d 64; 50 West's *Ann. Cal. Codes*, sec. 1237, nota 13, pág. 413; 3 Cal. Jur. (2), sec. 96, pág. 548.

El caso de *People* v. *Jones*, 87 Cal. App. 482, 262 Pac. 361,[4] único citado por el apelante, no resuelve que una orden denegando al reo la sentencia probatoria sea apelable. En dicho caso la orden fué dictada antes de sentencia y la apelación interpuesta contra tal orden fué desestimada.[5] Sin embargo, al considerar la apelación contra la sentencia, el Tribunal, invocando la sec. 259 del Código Penal de California, según regía entonces, y que es equivalente al art. 363 de nuestro Código de Enj. Criminal, revisó la orden denegatoria de la sentencia probatoria porque se trataba de un caso claro de abuso de discreción en el cual la decisión del juez no se guió por las normas establecidas en la ley y sí por un criterio ajeno por completo al estatuto.

*Por las razones expuestas debe declararse con lugar la moción del Fiscal y en su consecuencia desestimarse el recurso de apelación interpuesto por el apelante contra la resolución dictada por el tribunal a quo negándose a suspender los efectos de la sentencia.*

---

[4] Este caso ha sido citado y distinguido en el de *People* v. *Lippner*, 26 P.2d 457; *People* v. *Ralls*, 70 P.2d 265; *People* v. *Freithofer*, 284 Pac. 484.

[5] Copiamos de dicho caso:

"¿Es el error de la corte en este respecto revisable en apelación? El apelante ha notificado una apelación de la orden denegando su moción solicitando permiso para radicar una solicitud sobre probatoria. Esta orden fué dictada antes de sentencia y no es una orden apelable. Código Penal, sec. 1237. La intentada apelación contra dicha orden debe ser desestimada."