Martínez Torres, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
En Pueblo v. Vega Vélez, 125 D.P.R. 188 (1990), el Tribunal Supremo resolvió que en ausencia de una Ley en sentido contrario, el Tribunal de Primera Instancia tiene la facultad discrecional de imponer al acusado un período de reclusión penal no mayor de un año como una condición para la suspensión del remanente de la sentencia. Por su parte, el Panel II del Circuito Regional I de San Juan de este Tribunal de Circuito de Apelaciones decidió en Suárez Rodríguez v. Rodríguez, KLCE-95-00211, Sentencia de 14 de junio de 1995, 95 D.T.A. 125, que al año de reclusión impuesto como condición de la sentencia suspendida le aplican las bonificaciones dispuestas en el Artículo 16 de la Ley Núm. 116 de 22 de julio de 1974, según enmendada, conocida como la "Ley Orgánica de la Administración de Corrección", aunque la sentencia provea clara y expresamente que la reclusión será por un año natural (365 días).
Amparado en lo decidido por el Panel II del Circuito Regional I, el acusado presentó en este caso una petición de hábeas corpus por entender que le aplican las bonificaciones establecidas en el Artículo 16, id., aunque se le sentenció expresamente a un año natural de reclusión como parte de una sentencia fraccionada. No nos persuade el razonamiento del Panel hermano por lo que declinamos *1364 expedir el auto de certiorari solicitado.
I
El peticionario Mario E; Almodóvar Vargas hizo alegación de culpabilidad por el delito de infracción del Artículo 406 de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como la "Ley de Sustancias Controladas de Puerto Rico", 24 L.P.R.A. see. 2406 (tentativa de violar dicha Ley). El 14 de septiembre de 1995, el Tribunal de Primera Instancia lo condenó a cumplir diez (10) años de prisión. De éstos, el tribunal dispuso en su sentencia que Almodóvar Vargas cumplirá un (1) año natural (365 días) en la cárcel y los-restantes nueve (9) años serán cumplidos bajo el régimen de sentencia suspendida, sujeto a ciertas condiciones especificadas en la sentencia. El peticionario señala que se encuentra preso desde el 1 de febrero de 1995, por no haber podido prestar fianza.
El 24 de noviembre de 1995, Almodóvar Vargas presentó una petición de habeas corpus ante el Tribunal de Primera Instancia, Sala Superior de Carolina, basada en lo resuelto en Suárez Rodríguez v. Rodríguez, supra. El 27 de noviembre siguiente, el foro de instancia (Hon. Osvaldo Rivera Ciancchini, Juez) denegó la petición mediante una resolución ampliamente fundamentada.
Almodóvar Vargas recurrió ante nos de ese dictamen. Denegamos una moción para excarcelarle mientras evaluábamos este recurso pero simultáneamente ordenamos al Procurador General expresarse sobre lo planteado por el peticionario. El Procurador General ha comparecido a oponerse a la solicitud del peticionario de que se le apliquen las bonificaciones dispuestas en el Artículo 16, supra, al año de reclusión que el tribunal sentenciador le impuso. Interpreta el Procurador General que el Tribunal de Primera Instancia tenía la discreción para hacer inoperantes las bonificaciones dispuestas por ley con tan sólo expresar en su sentencia que la reclusión era por un año natural (365 días). Un análisis del Artículo 16, supra, y de lo resuelto en Pueblo v. Vega Vélez, supra, avala la interpretación del Procurador General.
II
El régimen de sentencia suspendida reconocido en la Ley Núm. 259 de 3 de abril de 1946, según enmendada, 3as L.P.R.A. see. 1026 y ss., es una alternativa beneficiosa en casos apropiados, tanto para el convicto como para la sociedad, pues entre otras ventajas, preserva la libertad y promueve la rehabilitación del delincuente sin sacrificar el interés social en la prevención y corrección del crimen. Además, la suspensión de la sentencia representa una economía sustancial para el Estado ya que el tratamiento en libertad a prueba resulta menos costoso que mantener a la persona recluida en una institución penal. Pueblo v. Vega Vélez, supra, págs. 195-96.
La concesión de una sentencia suspendida descansa en la sana discreción del juez sentenciador. Pueblo v. Texidor, Opinión de 21 de junio de 1991, 91 J.T.S. 57; Pueblo v. Ortega Santiago, 125 D.P.R. 203 (1990); Pueblo v. González Olivencia, 116 D.P.R. 614 (1985). Así pues, la decisión del tribunal sentenciador goza de una presunción de corrección. Pueblo v. Pérez Bernard, 99 D.P.R. 834, 839 (1971).
No obstante, esa discreción no es absoluta. La denegatoria de los beneficios de la sentencia suspendida es revocable cuando el acusado demuestra que ha mediado abuso de discreción o arbitrariedad. Pueblo v. López Rosario, Sentencia de 29 de junio de 1990, 90 J.T.S. 104, pág. 7948; Pueblo v. Ortega Santiago, supra; Pueblo v. Esmurria Rosario, 117 D.P.R. 884, 885 (1986); Martínez Torres v. Amaro Pérez, 116 D.P.R. 717, 722-23 (1985); Vázquez v. Caraballo, 114 D.P.R. 272, 275 (1983); Pueblo v. Pérez Bernard, 99 D.P.R. 834, 839 (1971); Pueblo v. Sánchez González, 90 D.P.R. 197, 200 (1964); Pueblo v. Rivera, 79 D.P.R. 880, 882 (1957).
En el citado caso de Vega Vélez, el Tribunal Supremo reconoció a los jueces de instancia la discreción para fraccionar la sentencia, por lo cual éstos pueden imponer al acusado hasta un (1) año de cárcel como condición para cumplir el remanente de la sentencia bajo el sistema de sentencia suspendida.
"La adopción de la posición contraria... colocaría a nuestros jueces en la disyuntiva inaceptable de tener que escoger entre la suspensión de la totalidad de la sentencia a un convicto que consideran podría beneficiarse de un breve período de reclusión o en la de ordenar su encarcelación, por el *1365 término total de la sentencia impuesta, a pesar de entender que ello no es necesario para lograr, su rehabilitación." Pueblo v. Vega Vélez, supra, pág. 202.
m
Por otro lado, el Artículo 16 de la Ley Orgánica de la Administración de Corrección, supra, establece lo referente al abono de términos a las sentencias de los convictos que observan buena conducta y estudian o realizan servicios a la comunidad. Estas bonificaciones varían dependiendo de la duración de la sentencia impuesta. Son computables de dos formas: (1) desde la admisión del imputado al presidio, o (2) "desde que se concede la libertad bajo palabra...." Art. 16, id.
Dicho Artículo 16 establece a su vez, varias excepciones a su aplicación. Quedan excluidas de su alcance: (1) "toda convicción que apareje pena de reclusión de noventa y nueve años..."; (2) "toda convicción que haya dado lugar a una determinación de reincidencia agravada o de reincidencia habitual... (3) "la convicción impuesta en defecto del pago de una multa...y (4) la convicción "que deba cumplirse en años naturales." Art. 16, id.
La sentencia emitida en el caso de autos es una de las contempladas por la cuarta excepción, que exime del alcance de las bonificaciones por buena conducta a las condenas por un año natural.
La posición del peticionario, basada en la sentencia del Panel II del Circuito Regional I en Suárez Rodríguez v. Rodríguez, supra, es que la excepción a la aplicabilidad de las bonificaciones se refiere únicamente a los delitos para los cuales la ley penal aplicable dispone expresamente que la reclusión será por años naturales. El problema con esa interpretación es que la única disposición penal que ordena que se sentencie al acusado a prisión por un número determinado de años naturales es la que se refiere a los casos de reincidencia agravada bajo el Artículo 61 del Código Penal, según enmendado, 33 L.P.R.A. see. 3301. Véase el Artículo 62(b) del Código Penal, según enmendado por la Ley Núm. 34 de 31 de mayo de 1988, id., sec. 3302(b). El último párrafo del Artículo 16, añadido por la Ley Núm. 27 de 20 de julio de 1989, menciona por separado y de forma expresa las sentencias por reincidencia agravada. Por ello, no tendría sentido una segunda referencia a tales sentencias en el mismo párrafo, esta vez bajo la frase "que deba cumplirse en años naturales". Para fallar a favor del peticionario tendríamos que concluir que dos de las cuatro excepciones que reconoce el último párrafo, del Artículo 16, supra, son en realidad una sola situación. No podemos presumir que la Asamblea Legislativa pretendió tan inútil duplicidad.
El historial legislativo de la Ley Núm. 27, id., guarda silencio sobre el significado de la excepción a las bonificaciones cuando la reclusión deba cumplirse en año natural. Sin embargo, la única interpretación que armoniza todo el texto del último párrafo del Artículo 16, supra, es que el legislador no limitó la exclusión de las bonificaciones a los casos en que la ley penal expresamente menciona que la reclusión será por años naturales. La excepción a esos efectos es en realidad una delegación al tribunal para que éste disponga en su sentencia si aplicarán o no las bonificaciones. Si el juez dispone en la sentencia que la reclusión será por un año natural, el reo no es acreedor a las bonificaciones por disposición expresa del propio Artículo 16, Id.
Esa conclusión es perfectamente cónsona con el principio de legalidad. Artículo 8 del Código Penal del Estado Libre Asociado de Puerto Rico, 33 L P.R.A. see. 3031. La concesión o denegatoria de las bonificaciones no altera la pena impuesta en la sentencia; meramente altera el período de reclusión, tal y como lo altera la concesión de una probatoria o de la libertad bajo palabra. So pretexto de aplicar la interpretación más benigna al reo no podemos ignorar la intención legislativa y adoptar una interpretación que desvirtúe el propósito del estatuto o presuma la inutilidad del lenguaje adoptado por la Asamblea Legislativa. E.g., Pueblo v. Pizarro Solís, Opinión de 31 de enero de 1992, 92 J.T.S. 10, pág. 9158.
En síntesis, la ley concede discreción al tribunal sentenciador para decidir si una sentencia de reclusión será cumplida en años naturales. Si el tribunal dispone expresamente en la sentencia que la reclusión será cumplida en uno o más años naturales, el reo no será acreedor a las bonificaciones dispuestas en el Artículo 16 de la Ley Orgánica de la Administración de Corrección, supra. Cuando se trata de una sentencia fraccionada, cuya validez fue reconocida por el Tribunal Supremo en Pueblo v. Vega Vélez, supra, la reclusión está limitada a un año. Este puede ser un año natural, y como tal sin *1366 derecho a bonificaciones, si así lo dispone el tribunal expresamente en su sentencia.
IV
Por todo lo expuesto, concluimos que el Tribunal de Primera Instancia no abusó de su discreción al imponer un año natural de reclusión al peticionario Almodóvar Vargas. Por disposición expresa del Artículo 16 de la Ley Orgánica de la Administración de Corrección, supra, el tribunal tenía autorización para imponer esa condena como condición para el disfrute de una sentencia suspendida. Dicho Artículo 16 dispone expresamente que en casos como este, el reo no será acreedor a las bonificaciones por buena condueta dispuestas en-el propio-Artículo 16. La actuación del Tribunal de Primera Instancia está permitida por ley. Por tanto, se deniega la expedición del auto de certiorari.
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 13
1. Se lee así:

"Subcapítulo VIH. Bonificación por Buena Conducta, Trabajo y Estudios

§ 1161. Sistema de rebaja de términos de sentencias

Toda persona sentenciada a cumplir término de reclusión en cualquier institución o que esté disfrutando de un permiso concedido a tenor con lo dispuesto en este Capítulo o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación o disfrutando de libertad bajo palabra, que observare buena conducta y asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, las cuales se 'computarán desde su admisión a la institución de que se trate o desde que se concede la libertad bajo palabra:

(a) Por una sentencia que no excediere de quince (15) años, doce (12) días en cada mes; o

(b) poruña sentencia de quince (15) años o más, trece (13) días porcada mes.

Dicha rebaja se hará por el mes natural y si la sentencia contuviere una fracción de mes, bien al principio o al fin de dicha sentencia, se le abonarán dos (2) días por cada cinco (5) días o parte de los mismos, contenidos en dicha fracción.

La deducción por buena conducta y asiduidad podrá hacerse durante el tiempo que hubiere permanecido privada de su libertad cualquier persona acusada de cometer cualquier delito público, de ser sentenciada por los mismos hechos por los cuales hubiere sufrido dicha privación de libertad. Se excluye de los abonos que establece esta sección toda convicción que apareje pena de reclusión de noventa y nueve años, toda convicción que haya dado lugar a una determinación de reincidencia agravada o de reipcidencia habitual conforme establecen los incisos (b) y (c) de la see. 3302 del Título 33, la convicción impuesta en defecto del pago de una multa o aquella que deba cumplirse en años naturales."