# 2000 DTA 154

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL V**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

ANGEL GUZMAN VELEZ
Recurrido

Núm. KLCE-2000-00380

San Juan, Puerto Rico, a 19 de junio de 2000

Panel integrado por su Presidente, Juez Ramón Negrón Soto
y los Jueces Jorge Segarra Olivero y Antonio J. Negroni Cintrón

Negroni Cintrón, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Mediante recurso de *certiorari*. El Pueblo de Puerto Rico nos solicita que revoquemos la resolución emitida el 14 de marzo de 2000 notificada el 29 de marzo siguiente. Mediante este dictamen, el tribunal de instancia condenó al recurrido a cumplir concurrentemente entre sí, un año de cárcel en cada uno de los casos JLE-98-G017, JLE-98-G018 y JLA-99-G0921, por infringir los artículos 3.1, 3.4 y 3.1, respectivamente, de la Ley Núm. 54 del 15 de agosto de 1989, conocida como la *"Ley para la Prevención e Intervención con la Violencia Doméstica" ("Ley Núm. 54")*, 8 L.P.R.A. secs. 631 y 634, y le concedió el beneficio que concede la Ley Núm. 259 de 3 de abril de 1946, 34 L.P.R.A. sec. 1026 *et seq.*, conocida como Ley de Sentencias Suspendidas, a pesar de que el caso JLA-99-G0921 se refería a hechos ocurridos con posterioridad a los que se referían los primeros dos y mientras el recurrido se beneficiaba del desvío que concede el artículo 3.6 de la Ley Núm. 54, 8 L.P.R.A. sec. 636.

Examinada la resolución recurrida, le concedimos término al recurrido para que se expresara sobre los méritos del recurso instado. Transcurrido el plazo, sin que compareciera, resolvemos.

Por hechos constitutivos de violencia doméstica contra su esposa, Brendaliz Ortiz Serrano, ocurridos del 3 de octubre de 1997, el recurrido fue acusado por infringir los artículos 3.1 y 3.4 de la Ley Núm. 54, *ante*, en los casos JLE-98-G017 y JLE-98-G018. Habiéndose declarado culpable, el 3 de abril de 1998, el tribunal de instancia suspendió todo procedimiento por 18 meses y sometió al recurrido a libertad a prueba, sujeto a que éste participara en un programa de reeducación y readiestramiento para personas que incurren en conducta maltratante en la relación de pareja *("Desvío")* que provee para estos casos el artículo 3. 6 de la Ley Núm. 54, *ante*, y con el fin de que el recurrido se rehabilitara.

Por nuevos hechos de violencia contra su esposa ocurridos el 27 de septiembre de 1999, el recurrido fue nuevamente acusado el 5 de noviembre de 1999, por infringir el artículo 3.1 de la citada Ley, *ante*. El 13 de enero de 2000, el Ministerio Público solicitó la revocación de la suspensión concedida en los casos anteriores.

El 26 de enero de 2000 y en la vista en su fondo del caso JLE-99-G0921, el recurrido formuló alegación de culpabilidad por el delito imputado. El Ministerio Público solicitó nuevamente que se revocara el desvío al que se había sometido al recurrido y que se le sentenciara a pena de cárcel. Teniendo ante su consideración esa solicitud y la nueva acusación, el tribunal de instancia dejó la petición en suspenso, refirió el caso para que se preparara otro informe pre-sentencia y señaló el acto para dictar sentencia para una fecha posterior.

El 14 de marzo de 2000, el referido Foro decidió dejar sin efecto el beneficio del desvío en los casos JLE-98-G017 y JLE-98-G018 y sentenciar al recurrido a una pena de cárcel de un (1) año en cada uno de éstos, a cumplirse de forma concurrentes entre sí y consecutivos con la pena de un año que, a su vez, le impuso en el caso JLE-98-G0921, para un total de dos (2) años. Como antes indicamos, dispuso; además, que cumpliera dicha sentencia bajo el régimen de sentencia suspendida al amparo de la Ley Núm. 259, *ante*, con la condición de que se sometiera a un tratamiento siquiátrico. Pautó la celebración de una vista de seguimiento para el 30 de marzo siguiente.

El Ministerio Público se opuso a la Resolución dictada. Adujo que lo que procedía era revocar el desvío concedido y dictar Sentencia en los casos JLE-98-G017 y JLE-98-G018, ya que el recurrido había violado las condiciones del desvío al ser acusado por segunda ocasión. Planteó que concederle el beneficio de una sentencia suspendida, burlaba el sistema de justicia y la intención del legislador de concederle a los imputados de violencia doméstica el beneficio de una libertad a prueba o desvío solamente en una ocasión, y que siendo la Ley Núm. 54 una ley especial, debía prevalecer sobre una ley general. El tribunal de instancia no reconsideró.

En su recurso ante nos, el Ministerio Público le imputa a ese Foro haber errado al así dictaminar, porque el recurrido era un convicto reincidente de violencia doméstica. Sostiene que el beneficio del desvío provisto por

el artículo 3.6 de la Ley Núm. 54, *ante,* solamente podía concerdérsele a personas que no hubiesen sido previamente convictas por la comisión de los delitos tipificados en la Ley Núm. 54, *ante,* o delitos similares establecidos en las leyes del Estado Libre Asociado de Puerto Rico o de Estados Unidos, contra la persona de su cónyuge, ex cónyuge, persona con quien cohabita o haya cohabitado, o persona con quien haya sostenido una relación consensual, o persona con quien haya procreado un hijo o hija.

Postula, también, que la disposición es clara, que no da lugar a otra interpretación que no sea la que se desprende de su propia letra y que, en caso de incumplimiento, el mismo artículo 3.6 de la Ley Núm. 54, *ante,* autoriza que, previa la celebración de vista, se deje sin efecto la libertad a prueba y se dicte sentencia; que el principio cardinal de hermenéutica legal, le impone al tribunal que, al interpretar una ley, le atribuya el sentido que mejor responda a la realización del resultado que persigue y, finalmente, que el tribunal recurrido no tenía discreción para concederle el beneficio de una sentencia suspendida a un reincidente de haber cometido un delito de violencia doméstica, porque la Ley Núm. 54 expresamente se lo prohíbe. Veamos.

La Ley Núm. 259 de 3 de abril de 1946, conocida como Ley de Sentencias Suspendidas *("Ley de Sentencias Suspendidas"),* 34 L.P.R.A. 1026, *et seq.,* es el estatuto general que provee el mecanismo alterno para que un convicto cumpla su sentencia, fuera de una prisión. Su concesión es un privilegio y no un derecho. *Pueblo v. Ortega Santiago,* 125 D.P.R. 203 (1990); *Vázquez v. Caraballo,* 114 D.P.R. 272 (1983); *Pueblo v. Laboy,* 110 D.P.R. 164 (1980)*; Pueblo v. Alvarez Maurás,* 100 D.P.R. 620 (1972); *Pueblo v. Martínez Rivera,* 99 D.P.R. 568 (1971). Su propósito es rehabilitador, centralizado en la aptitud del individuo de convertirse en un individuo útil a la sociedad. *Vázquez v. Caraballo, ante.*

Su artículo 2, según enmendado, 34 L.P.R.A. sec. 1027, dispone lo siguiente:

*"(a) El Tribunal de Primera Instancia podrá suspender los efectos de la sentencia que se hubiera dictado en todo caso de delito grave que no fuere asesinato, robo, incesto, extorsión, violación, crimen contra natura, actos lascivos o impúdicos cuando la víctima fuere menor de 14 años, secuestro, escalamiento, incendio malicioso, sabotaje de servicios públicos esenciales, infracción a las secs. 415 y 416a del Título 25 en su modalidad de delito grave y secs. 418 y 420 del Título 25 conocidas como la "Ley de Armas de Puerto Rico", o cualquier violación a las secs. 561 et seq. del Título 25 conocidas como la "Ley de Explosivos de Puerto Rico", que constituya delito grave y cualquier delito grave que surja como consecuencia de la posesión o uso ilegal de explosivos o sustancias que puedan utilizarse para fabricar explosivos o detonadores, artefactos o mecanismos prohibidos por las referidas secs. 561 et seq. del Título 25, o cuando la persona utilice o intente utilizar un arma de fuego en la comisión de un delito grave o su tentativa, y podrá, asimismo, suspender los efectos de la sentencia que hubiere dictado en todo caso de delito menor grave que surja de los mismos hechos o de la misma transacción que hubiere dado lugar, además, a sentencia por delito grave que no fuere de los excluidos de los beneficios de este capítulo, incluyendo el caso en que la persona haya sido declarada no culpable en dicho delito grave o rebajado dicho delito grave a delito menos grave, y así convicta, ordenará que la persona sentenciada quede en libertad a prueba, siempre que al tiempo de imponer dicha sentencia, concurran todos los requisitos que a continuación se enumeran:*

*(1) Que dicha persona, con anterioridad a la fecha en que se intente suspender la sentencia dictada, no hubiere sido convicta, sentenciada y recluida en prisión por delito grave alguno con anterioridad a la comisión del delito por el cual fuere procesada y a la cual no se hubieren suspendidos los efectos de una sentencia anterior por delito grave;*

*(2) que las circunstancias en que se cometió el delito no evidencien que existe en el autor del mismo un problema de conducta o de carácter para cuya solución favorable, en interés de la debida protección de la comunidad, se requiera la reclusión de dicha persona en alguna de las instituciones penales de Puerto Rico;*

*(3) que el juez sentenciador tenga ante sí un informe que le haya sido rendido por el Administrador de Corrección después de este último haber practicado una investigación minuciosa de los antecedentes de familia*

*e historial social de la persona sentenciada y que, del contenido de ese informe, pueda dicho juez sentenciador concluir que ningún aspecto de la vida de esa persona evidencia que haya necesidad de que se le recluya en alguna de las instituciones penales de Puerto Rico para que se logre la reforma o rehabilitación que para ella persigue la ley como medida de protección adecuada a la comunidad. La corte sentenciadora podrá, a su discreción, además de poner a prueba a la persona sentenciada, imponer una multa cuya cuantía quedará a discreción del tribunal, disponiéndose, además, que la persona puesta a prueba podrá ser requerida para que, mientras estuviere en libertad a prueba, resarza a la parte perjudicada de los daños que le hubiere ocasionado o para que asuma la obligación de corregir el mal causado por su acto delictivo. Disponiéndose, además, que una vez puesta a prueba, la persona quedará bajo la custodia legal del tribunal hasta la expiración del período fijado en su sentencia, y*

*(4) que en los casos en que se tiene la obligación de pagar una pensión alimentaria, dicha persona haya cumplido con su obligación de hacer los pagos o esté acogido a un plan de pagos y esté cumpliendo con el mismo.*

*(b) En los casos de delitos menos graves que no surjan de los mismos hechos o de la misma transacción que dio lugar a un delito grave, el Tribunal de Primera Instancia podrá, asimismo, suspender los efectos de la sentencia cuando la misma sea de reclusión únicamente y ordenará que la persona sentenciada quede en libertad a prueba, siempre que, al tiempo de imponer dicha sentencia, concurran todos los requisitos que a continuación se enumeran:*

*(1) Que dicha persona, con anterioridad a la fecha en que se intente suspender la sentencia dictada, no hubiere sido convicta, sentenciada y recluida en prisión por delito grave alguno con anterioridad a la comisión del delito por el cual fuere procesada y a la cual no hubieren suspendido los efectos de una sentencia anterior por delito grave;*

*(2) que las circunstancias en que se cometió el delito no evidencien que existe en el autor del mismo un problema de conducta o de carácter para cuya solución favorable, en interés de la debida protección de la comunidad, se requiera la reclusión de dicha persona en alguna de las instituciones penales de Puerto Rico;*

*(3) que el juez sentenciador tenga ante sí un informe que le haya sido rendido por el Administrador de Corrección después de este último haber practicado una investigación minuciosa de los antecedentes criminales e historial social de la persona sentenciada y que, del contenido de este informe, pueda dicho juez sentenciador concluir que ningún aspecto de la vida de esa persona evidencia que haya necesidad de que se le recluya en alguna de las instituciones penales de Puerto Rico para que se logre la reforma o rehabilitación que para ella persigue la ley como medida de protección adecuada a la comunidad;*

*(4) que en los casos en que se tiene la obligación de pagar una pensión alimentaria, dicha persona haya cumplido con su obligación de hacer los pagos o esté acogido a un plan de pagos y esté cumpliendo con el mismo.*

*(c) Si el proceso por delito menos grave se ventilare en el Tribunal de Distrito, el tribunal sentenciador solicitará al Administrador de Corrección que le someta un informe que refleje los antecedentes criminales e historial social de la persona sentenciada. Con anterioridad a la fecha de la vista para determinar si se concede o no la libertad a prueba, el Tribunal de Distrito notificará al ministerio público de la Sala correspondiente del Tribunal de Primera Instancia, quien podrá comparecer a dicha vista a exponer sus objeciones a la concesión del privilegio. Una vez concedida la libertad a prueba, la persona quedará bajo la custodia legal del tribunal hasta la expiración del período fijado en su sentencia."*

Con arregl[o] a lo anteriormente dispuesto, el tribunal sentenciador podrá también suspender los efectos de la sentencia de cárcel que se hubiere dictado en todo caso de homicidio involuntario que no hubiere sido ocasionado mientras se conducía un vehículo en estado de embriaguez.

El tribunal sentenciador no podrá suspender los efectos de una sentencia dictada contra toda persona, un funcionario o empleado público por violación a las secs. 4360 a 4364 del Título 33, ni por los delitos de apropiación ilegal agravada de bienes o fondos públicos, inciso (a) de la sec. 4272 del Título 33, o conspiración, sec. 4523 del propio título, ni por los delitos contra fondos públicos, sec. 4391 de dicho título, en relación con violación a cualesquiera de los antes mencionados en este párrafo, según tipificados en las secs. 3001 *et seq.* del Título 33.

El Tribunal de Primera Instancia tendrá jurisdicción original para entender en los casos de delitos graves y delitos menos graves que surjan de los mismos hechos o de la misma transacción, según se dispone anteriormente.

Como puede apreciarse del articulado citado, la Ley de Sentencias Suspendidas le confiere al tribunal sentenciador facultad discrecional para suspender los efectos de una sentencia, limitada a que el delito no sea uno de los expresamente excluidos y que concurran los requisitos establecidos en el estatuto. *Pueblo v. Texidor Seda*, 128 D.P.R. 578 (1991). Debe ejercerse, además, acorde y dentro de los parámetros establecidos por la ley. *Pueblo v. Acosta Torres*, 92 D.P.R. 887, 893-94 (1965); *Pueblo v. Rivera*, 79 D.P.R. 880, 881 (1957); *Fernández v. Rivera*, 70 D.P.R. 900, 905 (1950); *Pueblo v. Emmanuelli*, 67 D.P.R. 667, 675 (1947); *Pueblo v. Feliciano*, 67 D.P.R. 247, 250 (1947).

Por otro lado, el artículo 3.6 de la Ley Núm. 54, *ante*, dispone lo siguiente:

*"Una vez celebrado el juicio y convicto que fuere o que el acusado haga alegación de culpabilidad por cualesquiera de los delitos tipificados en este Capítulo, el tribunal podrá, motu proprio o mediante solicitud del Ministerio Fiscal o de la defensa, suspender todo procedimiento y someter a la persona convicta a libertad a prueba, sujeto a que ésta participe en un programa de reeducación y readiestramiento para personas que incurren en conducta maltratante en la relación de pareja. Antes de hacer cualquier determinación al respecto, el tribunal deberá escuchar al Ministerio Fiscal. Disponiéndose, que en el caso del delito de agresión sexual conyugal, el desvío del procedimiento sólo estará disponible para los casos en que el acusado sea el cónyuge o cohabite con la víctima al momento de la agresión sexual, siempre y cuando dicha cohabitación no sea adúltera y cumpla con las circunstancias que se disponen más adelante.*

*Esta alternativa de desvío solamente estará disponible cuando existan las circunstancias siguientes:*

*(a) Se trate de una persona que no haya sido convicta previamente por la comisión de los delitos establecidos en este Capítulo o delitos similares establecidos en las leyes del Estado Libre Asociado de Puerto Rico o de Estados Unidos contra la persona de su cónyuge, ex cónyuge, persona con quien cohabita o haya cohabitado, persona con quien sostiene o haya sostenido una relación consensual, o persona con quien haya procreado un hijo o una hija.*

*(b) Se trate de una persona que no haya violado una orden de protección expedida por cualquier tribunal al amparo de este Capítulo o de cualquier disposición legal similar.*

*(c) Se suscriba a un convenio entre el Ministerio Fiscal, el acusado y la agencia, organismo, institución pública o privada a que se referirá el acusado.*

*El tribunal tomará en consideración la opinión de la víctima sobre si se le debe conceder o no este beneficio e impondrá los términos y condiciones que estime razonables y el período de duración de la libertad a prueba que tenga a bien requerir, previo acuerdo con la entidad que prestará los servicios, cuyo término nunca será menor de un (1) año, ni mayor de tres (3).*

*Si la persona beneficiada con la libertad a prueba que establece esta sección incumpliere con las condiciones de la misma, el tribunal, previo celebración de vista, podrá dejar sin efecto la libertad a prueba y*

*procederá a dictar sentencia.*

*Si la persona beneficiada por la libertad a prueba que establece esta sección, no viola ninguna de las condiciones de la misma, el tribunal, previa recomendación del personal competente a cargo del programa al que fuere referido el acusado, en el ejercicio de su discreción y previa celebración de vista, podrá sobreseer el caso en su contra.*

*El sobreseimiento bajo esta sección se llevará a cabo sin pronunciamiento de sentencia por el tribunal, pero se conservará el expediente del caso en el tribunal, con carácter confidencial, no accesible al público y separado de otros récords a los fines exclusivos de ser utilizado por los tribunales, al determinar, en procesos subsiguientes, si la persona cualifica para acogerse a los beneficios de esta sección.*

*El sobreseimiento del caso no se considerará como una convicción a los fines de las descualificaciones o incapacidades impuestas por ley a los convictos por la comisión de algún delito, y la persona exonerada tendrá derecho, luego de sobreseído el caso, a que el Superintendente de la Policía de Puerto Rico le devuelva cualquier expediente de huellas digitales y fotografías que obren en poder de la Policía de Puerto Rico tomadas en relación con la violación de los delitos que dieron lugar a la acusación.*

*El sobreseimiento de que trata esta sección, sólo podrá concederse en una ocasión a cualquier persona."*

No habiendo sido declarado convicto el aquí recurrido por el delito grave para el que previamente había sido acusado bajo la Ley de Violencia Doméstica, *supra*, ni mucho menos sentenciado y recluido en prisión, podía ser referido al oficial probatorio para la correspondiente investigación e informe. No existe impedimento legal para ello. La determinación sobre si las circunstancias en que se cometió el segundo delito grave evidencian un problema de conducta o de carácter, para cuya solución favorable se requeriría la reclusión del aquí recurrido, es un asunto a considerarse por el Tribunal bajo su sana discreción.

La lectura de ambos estatutos y el cuadro fáctico ya expuestos, demuestra que, como cuestión de derecho, nada impedía que el tribunal recurrido le concediera al recurrido el beneficio de cumplir la sentencia de cárcel impuesta bajo el régimen de sentencia suspendida.

En primer término, la Ley de Sentencias Suspendidas no prohíbe expresamente que una persona convicta de algún delito de los tipificados en la Ley Núm. 54 pueda beneficiarse de dicho privilegio. Nada en el historial legislativo de ésta tan siquiera sugiere que la política pública de Puerto Rico sea negarle el privilegio de la sentencia suspendida a una persona a la que, como el recurrido, se le haya sentenciado por haber infringido alguno de los delitos tipificados en la Ley Núm. 54, *ante*.

En segundo lugar, aunque el recurrido aceptó que era culpable de haber cometido los delitos por los que se le acusó en los casos JLE-98-G017 y JLE-98-G018, nunca se le declaró convicto por esos delitos o se le sentenció por ellos. Como expusimos, el recurrido se sometió al procedimiento de desvío al amparo de lo dispuesto por el artículo 3.6 de la Ley Núm. 54, *ante*. La convicción por estos dos delitos se produjo cuando, acusado en el caso JLA-99-G0921 por infringir el artículo 3.1 de la Ley Núm. 54, *ante*, el recurrido optó por aceptar su culpabilidad, lo que, a su vez, justificó que conforme el trámite prescrito por el artículo 3.6 de la Ley Núm. 54, *ante*, se le revocara el privilegio de desvío que se le había concedido y el tribunal lo sentenció por los dos cargos en los casos JLE-98-C017 y JLE-98-C018, simultáneamente con el cargo formulado en el caso JLA-99-G0921. Debido a ello, tampoco existía impedimento para que el recurrido pudiera beneficiarse del privilegio de una sentencia suspendida, pues para todos los efectos, había sido declarado convicto en el mismo acto.

Toda vez que el recurrido no había sido previamente convicto por la comisión de delito grave alguno, el que previamente hubiera sido acusado al amparo de la Ley Núm. 54, *ante*, no impedía que fuera referido al oficial probatorio para la correspondiente investigación e informe presentencia a los fines de ver si se le consideraba para disfrutar de una sentencia suspendida. No existe impedimento legal para ello.

Concluimos que la contención del peticionario de que no procedía que se le concediera al recurrido el beneficio de la sentencia suspendida por habérsele revocado el beneficio de desvío del cual disfrutaba, no tiene apoyo en la Ley.

Ahora bien, en la causa que nos ocupa, el Ministerio Público no nos ha colocado en la posición de determinar si éste presenta unas circunstancias que justifican que intervengamos con el ejercicio de discreción ejercida por el tribunal de instancia, aunque los hechos ya descritos demuestran que el recurrido incurrió en conducta maltratante hacia su compañera, vigente la suspensión del desvío concedido en los primeros dos casos. Ante la presunción de que el tribunal *a quo* entendió que la mejor manera de lograr el propósito rehabilitador que inspira la ley, era concediéndole al recurrido la libertad a prueba, que la concesión de una sentencia suspendida persigue un propósito rehabilitador y debe ser interpretada liberalmente, *Pueblo v. Vega Vélez,* 125 D.P.R. 188, 202 (1990), el peticionario no ha demostrado en forma alguna que el tribunal de instancia haya abusado de la discreción que tiene para conceder dicho remedio. Es decir, toda vez que la discreción necesariamente se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia, *San Vicente de Frau v. Policía de P.R.,* **96 J.T.S. 148,** no ha demostrado que la decisión fuese irrazonable o careciere de fundamento.

Por otro lado, mediante la concesión de beneficio de la libertad a prueba o sentencia suspendida, el tribunal suspende la ejecución de la sentencia y permite que el convicto de delito quede en libertad durante todo o parte del término de la pena, sujeto a que éste observe buena conducta y cumpla con todas aquellas restricciones que el tribunal le imponga, bajo la supervisión de los oficiales probatorios, con un propósito rehabilitador. *Pueblo v. Molina Virola, ante.*

Por los fundamentos expuestos, debemos denegar la expedición del auto.

El Juez Negrón Soto concurre con el resultado.

Notifíquese inmediatamente.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General